UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

STEPHANIE RENDON,

    Plaintiff,

v.

HACIENDA CARE VI, L.P. d/b/a
WEST GABLES HEALTH CARE CENTER,
a foreign profit corporation,

    Defendant.
_____/

## NOTICE OF REMOVAL

The defendant, Hacienda Care VI, L.P. d/b/a West Gables Health Care Center ("Hacienda"), pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, respectfully removes this case to the United States District Court for the Southern District of Florida. The grounds for removal are:

1. On March 11, 2019, the plaintiff, Stephanie Rendon ("Rendon"), filed a civil action in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, entitled *Stephanie Rendon v. Hacienda Care VI, L.P. d/b/a West Gables Health Care Center*, Case No. 2019-007540-CA-01.

2. Hacienda was served with the Complaint on April 2, 2019. On April 22, 2019, Hacienda filed a motion for extension of time to respond to the Complaint on or before May 2, 2019. Other than the filing of the Summons and Complaint and motion for extension, no other proceedings have transpired in this matter.

3. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings and orders in this action are attached hereto as Exhibit "A."

4. This Notice of Removal is filed within thirty (30) days after receipt by Hacienda of a copy of the initial pleading setting forth a claim for relief against it and is therefore timely filed pursuant to 28 U.S.C. § 1446(b).

5. The United States District Court for the Southern of Florida embraces the location where the State Court Case was filed. Thus, removal is proper to this Court pursuant to 28 U.S.C. § 1441.

## DIVERSITY JURISDICTION

6. This action is within the original diversity of citizenship jurisdiction of the United States District Court, pursuant to 28 U.S.C. § 1332, as the matter in controversy exceeds $75,000.00, exclusive of interest and costs, and is between citizens of different States. Specifically, the facts supporting diversity jurisdiction are as follows.

7. Rendon is a resident of the State of Florida (Complaint ¶ 9). Hacienda is a foreign limited partnership. (Complaint ¶ 5). Specifically, Hacienda is a Texas limited partnership with its principal place of business in Plano, Texas. Its General Partner is West Gables Facility, Inc., a Texas corporation with its primary place of business in Texas, and its limited partner is Thomas D. Scott, also a citizen of Texas. As such, Hacienda is a citizen of Texas for purposes of diversity jurisdiction.

8. The provisions of 28 U.S.C. § 1446(c)(2), as amended, control the determination of the amount in controversy when a complaint makes a monetary demand. Pursuant to 28 U.S.C. § 1446(c)(2)(A), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, **except that** the notice of removal may assert the amount in controversy if the initial pleading seeks: a) nonmonetary relief; or b) a money judgment, but the State practice either does not permit demands for a specific sum or permits recovery of damages in excess of the

amount demanded.  In such circumstance, removal is proper if the district court finds by a preponderance of the evidence that the amount in controversy exceeds $75,000.  *See* 28 U.S.C. § 1446(c)(2)(B); *Perez v. Cellco P'ship,* 8:14-CV-926-T-30TGW, 2014 WL 2215745 (M.D. Fla. May 28, 2014).

9. Rendon alleges that this is "an action for damages exceeding $15,000.00, exclusive of attorneys' fees, interest and costs, but less than $75,000 ***at the present time.***"  (Complaint, ¶ 2) (Emphasis in the original).

10. Rendon further alleges that she suffered discrimination and sexual harassment and retaliation by Hacienda because of her sex/gender and race/national origin.  She seeks declaratory relief and equitable reinstatement, in addition to back pay, front pay, compensatory damages, punitive damages, and attorneys' fees and costs.  Her alleged damages include lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses. (Complaint, ¶¶ 1, 50-52, 54-57, 63-64, 66-69, 76-78, and 80-83).

11. Section 1446(c)(2)(A) applies because Rendon seeks nonmonetary relief, and because Florida law allows recovery beyond that demanded in the pleading.  *See Perez v. Cellco P'ship*, 8:14-CV-926-T-30TGW, 2014 WL 2215745, at *2 (M.D. Fla. May 28, 2014) (citing *Wilt v. Depositors Ins. Co.*, 2103 WL 6195768, at *6 (M.D. Fla. Nov. 26, 2013)).

12. Removal is proper under § 1446(c)(2)(B) because the preponderance of the evidence shows that the amount in controversy in this case does, in fact, exceed $75,000.00.

13. "[D]istrict courts are permitted to make 'reasonable deduction' and 'reasonable inferences,' and need not 'suspend reality or shelve common sense in determining whether the face of a complaint . . . establishes the jurisdiction amount.'" *Id.* (citing *Pretka v. Kolter City*

*Plaza II, Inc.*, 608 F.3d 744, 770 (11th Cir. 2010)). "'Instead, courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements.'" *Id.* (citing *Roe v. Michelin N. Am.*, 613 F.3d 1058, 1062-63 (11th Cir. 2010)).

14. Rendon worked as the Admissions Coordinator for Hacienda until the termination of her employment on April 28, 2016. She was paid an annual salary, as well as bonuses. In 2015, her last full year of work, Rendon earned $63,113.30. Through the first four months of 2016, Rendon earned $28,322.66. Those amounts do not include the value of the benefits that Hacienda also provided to Rendon. *See* Declaration of Luevenia Richardson, attached hereto as Exhibit "B."

15. For the purpose of determining the amount in controversy, back pay should be calculated from the date of the alleged adverse employment action—in this case, the termination of Rendon's employment—to the date of trial. *See Risk v. JetBlue Airways Corp.*, No. 16-CIV-62317-MARTINEZ/GOODMAN, 2017 U.S. Dist. LEXIS 62542, at *9 (S.D. Fla. Apr. 24, 2017); *Penalver v. N. Elec., Inc.*, No. 12-80188-CIV, 2012 WL 1317621, at *2 (S.D. Fla. Apr. 17, 2012); *Wineberger v. Racetrac Petroleum, Inc.*, 5:14-CV-653-OC-30PRL, 2015 WL 225760 (M.D. Fla. Jan. 16, 2015); *Cashman v. Host Int'l, Inc.*, No. 8:10-cv-1197-T-30MAP, 2010 WL 4659399, at *1 (M.D. Fla. Nov. 9, 2010).

16. Using evidence of Rendon's rate of pay and extrapolating the amount of back pay through a reasonable trial date is not improper speculation. *See Gonzalez v. Honeywell Int'l, Inc.*, No. 8:16-cv-3359-T-30TGW, 2017 WL 164358, at *2 (M.D. Fla. Jan. 17, 2017). As of May 1, 2018, the median time from the filing of a civil action to trial in this Court was 17.9 months. *See* Federal Court Management Statistics, Administrative Office, United States Courts, available at

http://www.uscourts.gov/statistics. Therefore, a reasonable estimation of a trial date for this case is November 2020.

17.     By the time a trial is estimated to occur, Rendon will have been out of work for over three-and-a-half years.  Therefore, back pay damages, based on her last full year's earnings, from the date of termination to the time of trial, can be reasonably estimated at over $220,000.00, not including the value of benefits.  Even if the trial were held today, Rendon's back pay damages would exceed $125,000.00.

18.     The front pay damages claimed by Rendon only aid this analysis. Courts in the Eleventh Circuit have previously held that it is reasonable to add one year of front pay to the amount in controversy in retaliatory discharge cases.  *See Gonzalez*, 2017 WL 164358, at *2 (identifying examples of cases in the Circuit that have made this holding); *Penalver*, 2012 WL 1317621 at *2.  Projecting another year's worth of employment with Hacienda after trial, again not taking benefits into account, adds another approximately $63,000.00 to Rendon's potential damages.

19.     Rendon also seeks compensatory damages including emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life.  There is no cap on compensatory damages under the FCRA.  § 760.11(5), Fla. Stat.; *see also Cowan v. Genesco, Inc.*, 2014 WL 3417656, at *4 (M.D. Fla. July 14, 2014); *Penalver*, 2012 WL 1317621, at *3.  The potential value of any damages on the basis of those allegations further supports a finding that the amount in controversy in this action far exceeds $75,000.00.

20.     Rendon also seeks punitive damages. These damages are included in the amount in controversy determination.  *See Holley Equip. Co. v. Credit Alliance Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987) ("When determining jurisdictional amount in controversy in diversity cases,

5

punitive damages must be considered. . . unless it is apparent to a legal certainty that such cannot be recovered"). When considering punitive damages as part of the jurisdictional amount, the defendant need only show that such damages *could* be awarded in an amount necessary to reach the jurisdictional minimum, not that plaintiff is likely to recover damages in such an amount. *See McDaniel v. Fifth Third Bank*, 568 F. App'x 729, 731 (11th Cir. 2014). Here, punitive damages could be awarded under the FCRA based on Rendon's allegations that Hacienda's conduct "was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages." (Complaint ¶ 51).

21. Rendon also seeks attorneys' fees and court costs. A reasonable amount of attorneys' fees are included in the amount in controversy calculation if the statute at issue authorizes the recovery of such fees. *See Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1265 (11th Cir. 2000). The FCRA authorizes an award of attorneys' fees to a prevailing plaintiff. § 760.11(13), Fla. Stat. (2018); *Cowan v. Genesco, Inc.*, 2014 WL 3417656.

22. When added to back pay, front pay, compensatory damages, and punitive damages, Plaintiff's requested fees and costs establish that it is more likely than not that the amount in controversy far exceeds $75,000.00. *Cf. Cowan v. Genesco, Inc.*, 2014 WL 3417656, at *4 (M.D. Fla. July 14, 2014) (where court had "no difficulty in determining that the jurisdictional threshold [was] met" in a FCRA case where there was $45,000.00 of back pay at issue and plaintiff also sought compensatory damages, punitive damages, and attorney's fees); *Wineberger v. Racetrac Petroleum, Inc.,* Case No. 5:14-cv-653-Oc-30PRL, M.D. Fla. Jan. 16, 2015).

23. In March 2017, prior to the filing of this action, Rendon, through her counsel (who continues to represent Rendon in this action), made a pre-suit settlement demand in the amount of $120,000.00. *See* Declaration of Eric V. Snyder, attached hereto as Exhibit" C."

24.     Pursuant to 28 U.S.C. § 1446(d), Defendant, concurrently with the filing of this Notice of Removal, served written notice thereof to all adverse parties and filed a copy of this Notice with the Clerk of the Eleventh Judicial Circuit, Miami-Dade County, Florida, from which this case was removed.  A copy of the Notice of Filing Notice of Removal is attached hereto as Exhibit "D."

25.     Because this Court has diversity jurisdiction over this action and Hacienda has satisfied the procedural requirements for removal, removal of this action to the United States District Court for the Southern District of Florida is proper.

**WHEREFORE**, Hacienda prays that the above-described action pending in the Circuit Court of the Eleventh Judicial Circuit, in and for Miami-Dade County, Florida, be removed therefrom to this Court.

Date: May 1, 2019.                                  Respectfully submitted,

By: */s/ Cathy M. Stutin*
Cathy M. Stutin, Esq.
Florida Bar No.: 0865011
cstutin@fisherphillips.com
Fisher & Phillips LLP
450 East Las Olas Boulevard
Suite 800
Ft. Lauderdale, Florida 33301
Telephone: (954) 525-4800
Facsimile:  (954) 525-8739

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on **May 1, 2019**, I electronically filed the foregoing **NOTICE OF REMOVAL** with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*/s/ Cathy M. Stutin*
Cathy M. Stutin, Esq.

## SERVICE LIST

Noah E. Storch, Esq.
Richard Celler Legal, P.A.
10368 W. SR 84,
Suite 103
Davie, Florida 33314
Tel: 866-344-9243
noah@floridaovertimelawyer.com